Garland, J.
delivered the opinion of the court.
*374 The plaintiffs levied an attachment on the property of the defendant, claiming the sum of $1180 37, due on a note and account for goods and merchandise sold, on part of which they claimed tho vendor’s privilege and had them sequestered. Burroughs intervened, in the suit, claiming all the goods attached and sequestered in the store occupied by Hays, on Levee-street, as his property, alleging he had purchased them on the 21st of February, in the year 184:0, and taken possession of them and the store in which they were, previous to the seizure. He produces a notarial act as evidence of the sale; the consideration is fixed at $8510 31, the amount of an invoice annexed. Five hundred dollars it is said was paid in cash, the sum of $7421 65, in Hays’s own notes, and for the balance he gave his notes, payable at a future time. This sale the plaintiffs allege, is fraudulent; that the consideration is fictitious, and if not fictitious, is void, being an attempt on the part of Hays, who was insolvent, to give an undue preference to Burroughs, as a creditor, and therefore a nullity. Several other creditors of Hays intervened in the suit, but the case only presents the controversy between the plaintiffs and intervenor.
The evidence shows Hays was insolvent, that about noon the sale was passed and the intervenor entered into possession. Hays absconded immediately and the attachment was executed a few hours after. The intervenor offered no other evidence of the validity of the consideration mentioned in the notarial act, than its recitals and his own statements when he took possession of the store. He offered several witnesses to prove he was not entirely un[21] known. One represents him as a man who “trades in most any thing,” but from the statements of them altogether, it appears his operations had been previously confined to speculations in shoes, tinware, lumber and wood in flatboats. They say he pays his debts, when he owes any, and one witness has known him to be worth money.
The question is one of fraud. The judge who tried the cause saw and heard all the witnesses. He decided the sale was “ made in fraud of Hays’s creditors,” and with a view to protect his property from their claims. We have examined the evidence, and believe his judgment correct.
The judgment of the commercial court is, therefore, affirmed, with costs.